The State ex rel. Lynne v. The Judge of the Seventh District Court.

No. 3924—THE STATE ex rel. THOMAS LYNNE *v.* THE JUDGE OF THE
SEVENTH DISTRICT COURT.

The decision of the judge *a quo* on a motion to set aside an appeal on the ground that the
surety on the bond is not good, will be reviewed on an application to the Supreme
Court for a writ of prohibition, and if the surety is found to be good, the order of the
Judge *a quo* dismissing the appeal will be set aside, and the writ of prohibition will
issue.

APPLICATION for a writ of prohibition.   *E. Howard McCaleb* and
*F. Fuzelier*, for relator.   *Collens*, Judge, respondent.

HOWE, J.   The application for a writ of prohibition in this case
raises the question of the sufficiency of a surety on the appeal bond.
He is bound for $2000, and declares under oath that he is worth, over
and above his debts, from $7000 to $8000; and we think the evidence
as a whole supports this estimate.

The fact that one piece of his real estate has been at some date, not
fixed, asssessed at much less than the price he paid for it, and the
further fact that the same piece of property is offered for sale under a
mortgage, are not in themselves sufficient to show that this estimate
is exaggerated.

Let the prohibition be made perpetual.

─────────────

No. 3675.—ALEXANDER MCNEIL, DUTTON, subrogated, *v.* MICHAEL J.
HAUCK.

When mortgaged property has been sold under judicial proceedings for the benefit of the
senior mortgage creditor, the purchaser may proceed by rule to have the posterior and
junior mortgages canceled.

APPEAL from the Sixth District Court, parish of Orleans.   *Cooley, J.*
*John H. Halsey*, for appellant.   *Labatt & Aroni*, for appellee.

TALIAFERRO, J.   Dutton being subrogated to the rights of McNeil
in a promissory note of Hauck's to McNeil for $6500, and in a mort-
gage to secure its payment took out an *alias* writ of seizure and sale
and caused the property mortgaged to be sold on the third of April,
1871.   A previous order of seizure and sale having been taken out by
McNeil, was stayed by the surrender of Hauck in bankruptcy.   The
alias writ was issued on the second of February, 1871, two days after
the property mortgaged was released and assigned to McNeil by the
assignee in bankruptcy.   The seizure was recorded on the eighteenth
of February, 1871.   The wife of Hauck brought suit against him and
obtained a judgment, which was duly recorded on the tenth of March,
1871.   There was also, it seems, an act executed before a notary, ac-
knowledging by her husband a general mortgage on his property.
This act was recorded on the thirteenth of March, 1871.   The sale
being made, a rule was taken by Dutton against the wife and the re-

corder of mortgages to show cause why her general and judicial mortgages should not be canceled and erased from the records of the mortgage office on the ground of their being posterior in date to the mortgage under which the property was sold. An exception was taken on the part of Mrs. Hauck to the proceeding by rule against her, as her rights can only be divested by a direct action. This exception was overruled. On trial of the rule, judgment was rendered as prayed for by plaintiff in the rule, and the defendant has appealed.

We think the judgment was properly rendered. The seizure seems to have been regularly made and recorded on the eighteenth of February, 1871, some twenty days before the recording of the wife's judgment. Besides this, it is shown that in the act of mortgage from Hauck to McNeil, Mrs. Hauck intervened and renounced all her rights on the mortgaged property. She seeks to repudiate that act as having been done in error and in ignorance of her rights, but we think unsuccessfully.

It is therefore ordered, adjudged and decreed that the judgment of the District Court be affirmed with costs.

Rehearing refused.